**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANNIE J. ENNIS,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:14-2269** |
| **v.** | : | **(MANNION, D.J.)**<br>**(COHN, M.J.)** |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

Pending before the court is the report of Magistrate Judge Gerald B. Cohn, (Doc. 15), which recommends that the decision of the Commissioner of Social Security granting plaintiff's application for supplemental security income ("SSI") under Title XVI and denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§401-433, 1381-1383f, be affirmed and that plaintiff's appeal, (Doc. 1), be denied. Specifically, on September 9, 2014, the ALJ issued a decision finding that plaintiff was disabled under Title XVI beginning on January 2, 2011. The ALJ also found that plaintiff was not disabled prior to her date last insured of September 30, 2010. As such, the ALJ found that plaintiff did not qualify for DIB under Title II. Neither the plaintiff nor the defendant have

objected to Judge Cohn's report and recommendation, and the time within which to do has expired.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The plaintiff did not contest the Commissioner's decision that she was entitled to SSI benefits. The plaintiff only challenged the Commissioner's finding that denied her claim for DIB under Title II of the Act. In particular, the plaintiff contends the Commissioner erred in finding that she only became disabled and unable to work as of January 2, 2011, after the date she was last insured. Judge Cohn has thoroughly reviewed the record in this action pursuant to 42 U.S.C. §405(g) and he has determined that there is substantial evidence to support the Commissioner's decision that plaintiff

was not disabled with respect to her DIB application during the relevant time, i.e., on or before September 30, 2010. The court has reviewed each of the recommended bases presented by Judge Cohn for denying the plaintiff's appeal. Because the court agrees with the sound reasoning that led Judge Cohn to the conclusions in his report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 4, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2269-01.wpd